UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DEREK FRANKS,

                          Plaintiff,

    -against-

CITY OF NEW YORK, MOURAD MOURAD, and JOHN
and JANE DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                          Defendants

------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

       Plaintiff DEREK FRANKS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows.

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DEREK FRANKS is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants MOURAD MOURAD, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On May 7, 2007, at approximately 12:30 p.m., plaintiff DEREK FRANKS was a lawful pedestrian on Jersey Street between Brighton Avenue and Winter Avenue in Staten Island, New York. The defendants, without probable cause or reasonable suspicion, grabbed plaintiff and detained him. The defendants frisked plaintiff, and searched plaintiff's genital and rectal areas with their hands. The defendants placed severely tight handcuffs on plaintiff's wrists and refused to loosen the handcuffs despite plaintiff's requests.

14.     The defendants transported plaintiff to the 120th precinct stationhouse against his will and unlawfully imprisoned plaintiff at the 120th precinct until his arraignment in Richmond County Criminal Court. At the 120th precinct, the defendants illegally strip searched plaintiff by forcing plaintiff to remove all of his clothing, squat and cough. While plaintiff was unlawfully detained and imprisoned, the defendants concocted bogus charges to cover up the above described illegal conduct.

15.     On May 8, 2007, the plaintiff was arraigned on felony charges in Richmond County Criminal Court on docket no. 2007RI003855. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned illegal conduct. The charges were filed against plaintiff based on the defendants' false allegations made to the Richmond County District Attorney's Office. As a result of the defendants' false allegations, plaintiff was incarcerated on Riker's Island from

May 8, 2007 to October 9, 2007. By December 19, 2007, all the charges filed in docket no. 2007RI003855 were dismissed and sealed in Richmond County Criminal Court.

16. All of the above occurred while other defendant NYPD officers witnessed and failed to intervene in the illegal conduct described herein.

17. As a result of the foregoing, plaintiff DEREK FRANKS sustained, *inter alia,* physical injuries, emotional distresses, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff DEREK FRANKS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all

under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff DEREK FRANKS' constitutional rights.

26. As a result of the aforementioned conduct of defendants, plaintiff DEREK FRANKS was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants intentionally confined the plaintiff and held him in police custody for an extended period of time without probable cause or privilege.

29. The aforementioned misconduct deprived plaintiff of his right to be free from false arrest, and as a result, plaintiff was injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. Plaintiff was subjected to two strip searches in the absence of reasonable

individualized suspicion that plaintiff was concealing weapons or contraband at the time the search was conducted.

32. As a result of the aforementioned conduct of defendants, plaintiff DEREK FRANKS' right to be free from unreasonable strip searches was violated.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants maliciously issued criminal process against plaintiff DEREK FRANKS by causing him to be arraigned and prosecuted in Criminal Court.

35. Defendants caused plaintiff DEREK FRANKS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal acts.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants initiated, commenced and continued a malicious prosecution against plaintiff DEREK FRANKS.

38. Defendants caused plaintiff DEREK FRANKS to be prosecuted without any probable cause until the charges were dismissed on or about December 19, 2007.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff DEREK FRANKS, whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff DEREK FRANKS'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to tight handcuffing and other physical restraints, and detained and prosecuted without probable cause. Further, plaintiff suffered physical injuries and emotional distress.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, stopping, searching

and seizing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. The City of New York also engaged in a policy, custom or practice of conducting strip searches in the absence of reasonable individualized suspicion that a suspect is in possession of weapons or contraband. Rather, strip searches are conducted after arrests have been made for the purpose of finding something incriminating that may justify the stop, search and/or seizure after the fact. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DEREK FRANKS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DEREK FRANKS.

49.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DEREK FRANKS as alleged herein.

50.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DEREK FRANKS as alleged herein.

51.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DEREK

FRANKS was unlawfully seized, beaten, detained, incarcerated, prosecuted, and subjected to physical abuse.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DEREK FRANKS' constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff DEREK FRANKS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process and/or malicious prosecution;

    D. To be free from false imprisonment/arrest;

    E. To receive equal protection under law;

    F. To be free from unlawful strip searches;

    G. To be free from the use of excessive force and/or the failure to intervene.

54. As a result of the foregoing, plaintiff DEREK FRANKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The City of New York has wholly neglected or refused to make an adjustment or

payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiff has complained with all conditions precedent to maintaining the instant action.

60. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, plaintiff DEREK FRANKS was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendant's conduct, plaintiff DEREK FRANKS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants made offensive contact with plaintiff without privilege or consent.

66. As a result of defendant's conduct, plaintiff DEREK FRANKS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

67. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

69. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

70. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

71. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DEREK FRANKS.

72. As a result of the aforementioned conduct, plaintiff DEREK FRANKS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR THE THIRTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants intentionally confined the plaintiff in the absence of probable cause or privilege.

75. As a result of the aforementioned conduct, plaintiff DEREK FRANKS was unlawfully imprisoned in violation of the laws of the State of New York.

11

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants maliciously issued criminal process against plaintiff DEREK FRANKS by causing him to be arraigned and prosecuted in Criminal Court.

78. Defendants caused plaintiff DEREK FRANKS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal acts.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants initiated, commenced and continued a malicious prosecution against plaintiff DEREK FRANKS.

81. Defendants caused plaintiff DEREK FRANKS to be prosecuted without any probable cause until the charges were dismissed on or about December 19, 2007.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Plaintiff was subjected to unreasonable strip searches.

84. As a result of the aforementioned conduct of defendants, plaintiff DEREK FRANKS was strip searched in violation of New York law.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DEREK FRANKS.

87. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DEREK FRANKS.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94. As a result of the foregoing, plaintiff DEREK FRANKS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff DEREK FRANKS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 18, 2009

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorney for Plaintiff DEREK FRANKS

14